Houze Glass Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Martin A. Davis, Respondents.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*James R. Miller*, with him *Dickie, McCamey & Chilcote*, for petitioner.

*Anthony Kovach*, with him *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE DISALLE, November 29, 1978:

This case involves an appeal of an award of workmen's compensation benefits under Section 108(k) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §27.1 (k), as added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended*. Claimant alleged total disability due to silicosis. The referee granted benefits, and following an appeal by the employer, the Workmen's Compensation Appeal Board (Board) affirmed. We affirm the Board.

Claimant, Martin Davis, was employed by Houze Glass Corporation (Petitioner) from September 4, 1945 until January 19, 1974. As an assistant operator working principally with a glass-making machine, Claimant was continually exposed to silica sand. When Petitioner stopped making glass on the premises in 1971, it phased out that particular machine. Claimant, however, did other sandblasting work until his retirement. As a sandblaster, he was exposed to sand, but of a different kind than that to which he was exposed while working around the glass-making machine.

Petitioner argues that there is insufficient competent evidence to support the referee's finding that Claimant was exposed to a silica hazard after June

614

30, 1973. While it is true that the phasing out of Petitioner's glass-making operation substantially reduced Claimant's exposure to the hazard, it is clear from the record that as a sandblaster, Claimant continued to be exposed to sand. While this differed somewhat from the sand associated with the glass-making machine, we cannot say as a matter of law that there was no substantial evidence to support the referee's finding. Since the record indicates that Claimant continued to be exposed to a silica hazard after June 30, 1973, we must affirm the granting of benefits.

ORDER

And Now, this 29th day of November, 1978, the order of the Workmen's Compensation Appeal Board, dated June 3, 1977, affirming the referee's award of benefits to Martin Davis is affirmed, and judgment is entered on the award. Compensation for total disability shall be paid at the rate of $133.33 per week beginning August 11, 1975, and continuing as long as claimant shall be totally disabled. Accrued compensation shall bear the statutory interest rate of ten percent. Attorney's fees in the amount of $2,500.00 shall be paid to Claimant's attorneys as recommended by the referee.